IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN EUGENE COLLINS, JR.,

       Plaintiff,                        No. 2:13-cv-0978 EFB P

    vs.

TIM VIRGA, et al.,               ORDER & FINDINGS & RECOMMENDATIONS
                                                 TO DISMISS THE ACTION FOR FAILURE TO
       Defendants.               EXHAUST ADMINISTRATIVE REMEDIES

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. For the reasons stated below, this action must be dismissed for plaintiff's failure to exhaust administrative remedies prior to filing suit.

       The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative

1

remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d 1198; *see also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action, so long as no exception applies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *see also Diaz v. McCue*, 2013 U.S. App. LEXIS 3162, at *2 (9th Cir. Mar. 12, 2013) ("prisoner's concession to nonexhaustion is a valid ground for dismissal only if no exception to exhaustion applies and record is clear that plaintiff has conceded," citing *Wyatt*); *Ransome v. Longero*, 2013 U.S. App. LEXIS 134, at *2 (9th Cir. Cal. Jan. 3, 2013) ("exhaustion is an affirmative defense and sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes her failure to exhaust," citing *Jones v. Bock*, 549 U.S. 199, 214-16 (2007)).

Here, plaintiff's complaint, dated March 26, 2013, establishes his failure to exhaust. Using a form complaint, plaintiff indicates that a grievance procedure is available at his place of confinement, and that he presented the facts in his complaint for review through that grievance procedure. Dckt. No. 1, § I (B)-(C). However, plaintiff admits that he is still in the process of exhausting his administrative remedies and that he has not pursued administrative relief at the

highest level available to him. *Id.*, § I (D) (alleging that he re-submitted his inmate appeal on March 25, 2013, after it was initially rejected, and is "waiting for reply"), § E (checking "No" in response to inquiry on form complaint as to whether he had pursued his appeal to "the highest level . . . available"). Moreover, plaintiff does not allege that he should be excused him from the exhaustion requirement. The court is unaware of any exception to the exhaustion requirement that would allow plaintiff to commence his civil rights action while still in the process of exhausting his administrative remedies.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). As noted, exhaustion is mandatory and the process must be completed prior to filing suit. Here, plaintiff indicates that he was awaiting a response to his grievance, submitted only a day before he mailed the instant complaint, and that he had not yet pursued relief at the highest level available to him. Plaintiff's complaint demonstrates that he has not "properly exhausted" his claims by pursuing all levels of administrative review available to him, and there is no applicable excuse for his failure in this regard. This action must therefore be dismissed without prejudice.[1] *See Wyatt*, 315 F.3d at 1120.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 22, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE